Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8720 | **DATE** | 5/15/2002 |
| **CASE TITLE** | Jennifer Farfaras vs. Citizens Bank & Trust Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 14 Jun. 02 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss the defendant corporations is denied. Defendants' Motion to Dismiss the Title VII claims alleged in Counts IV - VII against Michael Realty is denied. The Motion to Dismiss Defendants Robert Michael, George Michael and Nicholas Tanglis, individually, is granted with regard to the Title VII claims in Counts IV - VII.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 1 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| ✓ | Docketing to mail notices. | | S.B. | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | C2 MAY 15 PM 4:36 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 15 2002



Judge Harry D. Leinenweber
U.S. District Court

JENNIFER FARFARAS,

        Plaintiff,

    v.

CITIZENS BANK & TRUST CO. OF
CHICAGO, a corporation;
MICHAEL REALTY & ASSOCIATES,
INC., an Illinois corporation;
ROBERT MICHAEL; GEORGE
MICHAEL; and NICHOLAS TANGLIS,

        Defendants.

Case No. 01 C 8720

Hon. Harry D. Leinenweber



DOCKETED
MAY 16 2002

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending before the Court is defendants' Motion to Dismiss certain of plaintiff's claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* as amended by the Civil Rights Act of 1991, and plaintiff's common law claims of battery, intentional infliction of emotional distress, and assault. The plaintiff, Jennifer Farfaras ("Farfaras"), alleges that jurisdiction by this Court is proper based on federal question for her Title VII claims, 28 U.S.C. § 1331, and supplemental jurisdiction for her pendant state law claims, 28 U.S.C. § 1367. The defendants include two companies, Citizens Bank & Trust Co. of Chicago ("Citizens Bank") and Michael Realty & Associates, Inc.

("Michael Realty"); and individuals Nicholas Tanglis, Citizens Bank's president; George Michael, its director; and Robert Michael, Michael Realty's director. All three individual defendants are alleged to be members of the boards of directors and officers of both companies.

Specifically plaintiff's complaint consists of the following seven counts: state law claims of (I) battery, (II) intentional infliction of emotional distress, and (III) assault; and Title VII claims of (IV) sex discrimination, (V) sexual harassment, (VI) national origin discrimination and (VII) retaliation.

## BACKGROUND FACTS

Plaintiff, a female of Greek national origin, was an employee of Citizens Bank from November 13, 1999 until her termination on October 20, 2000. On a daily or routine basis, plaintiff alleges that George Michael, Robert Michael and Nicholas Tanglis intentionally sexually harassed her both verbally and physically. Examples of such actions included improper fondling, disparaging remarks about her marital status or Greek nationality, and lewd sexual propositions. All actions occurred without plaintiff's consent and created a hostile work environment for her. Most importantly, plaintiff alleges that the two corporations condoned the individual's actions by negligently failing to take appropriate steps to halt the persistent behavior. Plaintiff contends that

both companies expressly authorized such actions because they knew or should have known with a high probability that such conduct would cause plaintiff severe emotional distress. Furthermore, plaintiff alleges that both companies are alter egos of one another because they intermingle board members, officers and employees. Plaintiff, herself, for example alleges she was employed as a personal banker for Citizens Bank, but also worked for Michael Realty, which was located across the street from the bank.

In September 1999, plaintiff requested a copy of the employee handbook and complained of defendants' behavior to Ken Meyer, Vice President of Operations and Human Resources of the Bank. Nothing came of plaintiff's complaints. Plaintiff continued to request a copy of the handbook and again complained of the defendants' behavior to Meyer in April 2000. On October 20, 2000, plaintiff alleges that Tanglis called her into his office and simply terminated her without any further explanation than, "[they] were not working out," even after plaintiff's supervisor asked for the reason of her dismissal. Plaintiff alleges that other males or non-Greek employees were not subject to such harassment or discriminatory conduct. In addition, defendants replaced plaintiff with an individual substantially less qualified and with less experience.

Defendants deny the alter ego claim and assert that there was no official employer-employee relationship between Michael Realty and plaintiff. As for the Title VII claims in Counts IV - VII, defendants argue that Michael Reality employs fewer than the statutorily required fifteen employees within the twenty or more calendar weeks necessary for Title VII jurisdiction, and that Title VII claims cannot be adjudicated against individuals, but only against employers, thus Michael Realty, George and Robert Michael and Nicolas Tanglis must be dismissed as defendants from Counts IV - VII. Lastly, defendants contend that the pendant state claims, Counts I - III, must be dismissed against both Citizens Bank and Michael Reality because a corporation cannot be held liable for an employee's actions under Illinois state law unless such activities were committed in furtherance of a business objective, which, in this case, they were not.

Plaintiff filed appropriate complaints with the EEOC and the Illinois Department of Human Rights, and a right to sue notice was issued by the EEOC on September 20, 2001. Plaintiff now timely files this suit in federal court seeking an injunction, damages, and redress.

Defendants bring this Motion to Dismiss (1) both companies from the state law claims of Counts I - III, (2) Michael Realty from the Title VII claims of Counts IV - VII, and lastly (3) Robert

Michael, George Michael and Nicholas Tanglis, individually, from the Title VII claims of Counts IV - VII.

## DISCUSSION

### *Standard*

A Rule 12(b)(6) Motion to Dismiss tests the procedural question of whether a plaintiff has properly stated a claim for which relief may be granted, not the substantive merits of the lawsuit. *See Bills by Bills v. Hommer Consol. Sch. Dist. No. 33-C,* 959 F.Supp. 507, 511 (1997) citing *Triad Assoc., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989); *Kubistal v. Hirsch et al,* 1999 WL 90625 (N.D. Ill.). Well-pled allegations of a complaint must be accepted as true, and ambiguities in the complaint must be construed in favor of the non-moving party. *See Lachmund v. ADM Investor Services, Inc.,* 191 F.3d 777, 782 (7th Cir. 1999); *Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). However, the court is not bound by the plaintiff's legal characterizations of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *See Kubistal* citing *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir. 1992), *cert. denied,* 508 U.S. 942 (1993). The court can only properly dismiss a motion for failure to state a claim if it appears beyond doubt that the plaintiff cannot support the

allegations which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

### *State Law Claims*

Defendants argue that under a theory of *respondeat superior* corporate defendants cannot be held liable for the state law claims of Counts I - III. Citing *Hoover v. University of Chicago Hospitals*, 51 Ill.App.3d 263 (1st Dist. 1977) and *Rice v. Nova Biomedical Corp.*, 38 F.3d 909 (7th Cir. 1997), defendants purport that corporations can only be held liable for the actions of employees to the extent that their actions were in furtherance of a business objective. Here, defendants argue that the alleged harassment by the individual defendants cannot be attributed in furtherance of any business objective. Therefore, Citizens Bank and Michael Realty should be dismissed.

Plaintiff counters that the corporate defendants are proper due to their liability as supervisors with knowledge to allow, cause, or potentially cause such tortious actions to occur. Citing to *Meerbrey v. Marshall Field and Co.*, 139 Ill.2d 455 (1990), plaintiff argues that the corporate defendants are liable for intentional torts if the corporate employee is an alter ego of the business or the corporation itself commits the tort. The Court agrees. Here the employers so charged were the president and corporate directors, so that allegations that they would constitute

alter egos in business entities of this size are sufficient, at least at this stage of the proceedings, to state a cause of action.

The Illinois Human Rights Act, 775 ILL. COMP. STAT. 5/8-101 *et seq.* ("IHRA") also controls tort liability of employees' claims for civil rights violations of Illinois state law. *See Hillard v. Denny's Inc.*, 2002 WL 338853 *2 (S.D. Ill); *Worth v. Tyer*, 1997 WL 570762 (N.D. Ill.). Specifically, § 8-111(C) of IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in [the] Act." In addition, § 2-102(D) of IHRA proclaims that it is a "civil rights violation" for "any employer, employee, agent of any employer, employment agency or labor organization to engage in sexual harassment," which includes "any unwelcome sexual advances or requests for sexual favors or any contact of a sexual nature when such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating [an] intimidating, hostile or offensive work environment." *See Worth* at *2.

The Illinois Supreme Court in *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273 (1994) established the preemption standard of "inextricably linked" tort liability. *Geise* held that if the tort liability springs from the civil rights violations, an "independent basis for liability" cannot be argued. Therefore, the Illinois

alter egos in business entities of this size are sufficient, at least at this stage of the proceedings, to state a cause of action.

The Illinois Human Rights Act, 775 ILL. COMP. STAT. 5/8-101 *et seq.* ("IHRA") also controls tort liability of employees' claims for civil rights violations of Illinois state law. *See Hillard v. Denny's Inc.*, 2002 WL 338853 *2 (S.D. Ill); *Worth v. Tyer*, 1997 WL 570762 (N.D. Ill.). Specifically, § 8-111(C) of IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in [the] Act." In addition, § 2-102(D) of IHRA proclaims that it is a "civil rights violation" for "any employer, employee, agent of any employer, employment agency or labor organization to engage in sexual harassment," which includes "any unwelcome sexual advances or requests for sexual favors or any contact of a sexual nature when such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating [an] intimidating, hostile or offensive work environment." *See Worth* at *2.

The Illinois Supreme Court in *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273 (1994) established the preemption standard of "inextricably linked" tort liability. *Geise* held that if the tort liability springs from the civil rights violations, an "independent basis for liability" cannot be argued. Therefore, the Illinois

Supreme Court held that IHRA preempts cases where intentional torts are based upon allegations of sexual harassment that are "inextricably linked" to the alleged actions and not an "independent basis for liability." See Worth at *4.

In the case at bar, while plaintiff's allegations of verbal harassment are "inextricably linked" to her two civil rights claims, *i.e.*, would not be a tort but for the IHRA, however, her claims of physical harassment constitute an independent basis for liability, *i.e.*, assault and battery. *Maksimovic v. Tsogalis et al.*, 687 N.E.2d 21 (Ill. 1997). Thus, plaintiff has stated an independent basis for tort liability, and therefore her state law claims in Counts I and III are not preempted by IHRA and stand against the defendants.

### *Michael Realty*

Defendants argue that Michael Realty is not a proper defendant to plaintiff's Title VII suit, in that it is not an alter ego of Citizens Bank, nor does it meet the statutory standard of fifteen or more employees for each working day within the past twenty weeks of the calendar year. See 42 U.S.C. § 2000e (b). *Sharpe v. Jefferson Distributing Co.*, 1996 WL 31177 (N.D. Ill.) held that two nominally separate businesses may be considered a single entity if they are sufficiently related - the "single employer theory" of liability. *Id.* at *2. Citing the Seventh Circuit analysis of

*Rogers v. Sugar Tree Products, Inc.*, 7 F.3d 577 (7th Cir. 1993) in an age discrimination case, a "single employer theory" may be predicated upon a showing of 1) interrelated operations; 2) common management, common directors and boards; 3) centralized control of labor; and 4) common ownership and financial control. *See Sharpe* at *2, citing *Rogers* at 582-84. The nexus must be more than negligible, but rather "highly integrated with respect to ownership *and* operations." *Sharpe* at *3.

Here, when viewing all facts in light of the non-moving party, the Court finds that the three individual defendants display a questionable scheme of common ownership between Citizens Bank and Michael Realty. Their operations pose possible questions of fact as to the level of integration required under the "single employer theory." Therefore, the Court finds that the complaint sufficiently alleges that Michael Realty is the alter ego of Citizens Bank and should not be dismissed from the Title VII complaints of Counts IV - VII at this stage.

### Robert Michael, George Michael and Nicholas Tanglis

In plaintiff's response to defendants' Motion to Dismiss, plaintiff clarifies that she cited the individual defendants to demonstrate the companies' interrelated operations and management in furtherance of the alter ego argument. Plaintiff agrees that the individual defendants are not proper defendants to her

Title VII claims in Counts IV - VII, but rather identifies each defendant's actions to allege the overarching liability of the two companies to her sexual harassment claims. Plaintiff's Response to Def. Motion to Dismiss, pp. 1-13.

The Court agrees to plaintiff's voluntary dismissal of the individual defendants, and are therefore dismissed from the Title VII claims of Counts IV - VII. *See Alverio v. Sam's Warehouse Club,* 9 F.Supp.2d 955, 961 (1998), FED. R. CIV. P. 41(a).

## CONCLUSION

Therefore, for the foregoing reasons, Defendants' Motion to Dismiss the defendant corporations is denied. Defendants' Motion to Dismiss the Title VII claims alleged in Counts IV - VII against Michael Realty is denied. The Motion to Dismiss Defendants Robert Michael, George Michael and Nicholas Tanglis, individually, is granted with regard to the Title VII claims in Counts IV - VII. **IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: May 15, 2002