# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8720 | **DATE** | 8/24/2004 |
| **CASE TITLE** | Jennifer Farfaras vs. Citizens Bank and Trust, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Citizens Bank's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART. The Court GRANTS the motion as to Farfaras' Counts VI (national origin discrimination) and VII (retaliation) and extends the effect of its grant to cover Michael Realty as well. The Court DENIES Citizens Bank's motion as to Farfaras' Count IV (sex discrimination). Michael Realty's motion for summary judgment is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 3 0 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 59 |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 2004 AUG 27 PM 3:31 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JENNIFER FARFARAS,

    Plaintiff,

v.

CITIZENS BANK AND TRUST OF
CHICAGO; MICHAEL REALTY &
ASSOCIATES, INC.; ROBERT
MICHAEL; GEORGE MICHAEL; and
NICHOLAS TANGLIS,

    Defendants.

Case No. 01 C 8720

Hon. Harry D. Leinenweber

FILED
AUG 2 4 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
AUG 2 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Jennifer Farfaras (hereinafter, "Farfaras") filed suit against Defendants Citizens Bank and Trust of Chicago (hereinafter, "Citizens Bank"), Michael Realty & Associates (hereinafter, "Michael Realty"), Robert Michael, George Michael, and Nicholas Tanglis (hereinafter, "Tanglis") alleging battery, intentional infliction of emotional distress, assault, sex discrimination, sexual harassment, national origin discrimination, and retaliation.

Citizens Bank has filed a Motion for Partial Summary Judgment, seeking to dismiss Farfaras' claims of sex discrimination, national origin discrimination, and retaliation. Michael Realty has filed a Motion for Total Summary Judgment on its behalf, claiming that it neither served as Farfaras' employer nor does it even qualify as an

57

"employer" at all under Title VII because it lacks the requisite number of employees.

## I. BACKGROUND FACTS

Farfaras, a female Greco-American, was an employee of defendant Citizens Bank from November 13, 1999 until her termination on October 20, 2000. Although technically only on the payroll of Citizens Bank, Farfaras also alleges that her job required her to work for Michael Realty, a company located across the street from Citizens Bank. Both Citizens Bank and Michael Realty are at least partially owned by the brothers George and Robert Michael, and each brother has an officer position in both institutions. George Michael serves as President of Michael Realty, and a member of the Board of Directors for Citizens Bank. Robert Michael, in turn, serves as a member of the Board of Directors of Michael Realty, and is Chairman of the Board of Directors of Citizens Bank. On a daily or routine basis, Farfaras alleges that George Michael, Robert Michael and Citizens Bank President Tanglis intentionally sexually harassed her both verbally and physically. Examples of such actions included improper fondling, disparaging remarks about her marital status or Greek nationality, and lewd sexual propositions. All actions occurred without Farfaras' consent and are alleged to have created a hostile work environment for her. Farfaras further alleges that the two corporations condoned the individual's actions by negligently

failing to take appropriate steps to halt the persistent behavior. Furthermore, Farfaras alleges that both companies are alter egos of one another because they intermingle board members, officers and employees.

For purposes of this opinion, the Court assumes the parties are aware with the familiar "burden shifting" framework for adjudicating whether a Title VII claim can withstand summary judgment under the rubrics of discrimination and retaliation. See Hudson v. Chi. Transit Auth., 375 F.3d 552 (7th Cir. 2004).

## II. **DISCUSSION**

### A. **Citizens Bank's Motion for Summary Judgment**

Citizens Bank bases its motion for partial summary judgment on its claim that Farfaras lacks sufficient evidence to go to trial on her claims of national origin discrimination, retaliation, and sex discrimination. Concerning Farfaras' claims of national origin discrimination and retaliation, Citizens Bank is certainly correct. Farfaras puts forth no evidence of national origin discrimination other than a few sporadic comments made by Citizens Bank officers that one might interpret as derogatory to Americans of Greek origin. However, under Seventh Circuit law, the occasional "stray remark" is not actionable unless it is related to the employment decision. See Gorence v. Eagle Food Ctrs., 242 F.3d 759, 672 (7th Cir. 2001). Here, Farfaras presents no evidence that these remarks bore even a tenuous relation to Citizens Bank's decision to fire

her. Moreover, the bulk of these comments occurred eight and a half months prior to Farfaras' termination, with nothing in the interim that even suggested that either Citizens Bank or Michael Realty bore an animus toward Greeks. Therefore, Farfaras cannot establish a prima facie case of national origin discrimination.

Similarly, Farfaras also lacks sufficient evidence regarding her retaliation claim. Farfaras bases her retaliation claim upon two types of allegedly "protected activity" she engaged in while employed at Citizens Bank. First, Farfaras notes that she complained twice about sexual harassment to Kenneth Meyer, a Human Resources official at Citizens Bank. However, Farfaras complained in September 1999 and April 2000, thirteen and six months prior to her October 20, 2000 firing, respectively. The Seventh Circuit has held that a time lag of as little as four months qualifies as "substantial," and therefore "counter-evidence of any causal connection." Filipovic v. K & R Express Sys., Inc., 176 F.3d 390, 399 (7th Cir. 1999).

Farfaras' second attempt to establish retaliation comes via her theory that her rejection of sexually harassing advances qualifies as "protected activity" sufficient to support a retaliation claim. Farfaras correctly notes that one judge within the Northern District, Hon. Matthew Kennelly, has opined that refusing sexual advances can form the basis of a retaliation claim. See Roberts v. Cook County, et al, 2004 U.S. Dist. LEXIS 8089 at

*13 (N.D. Ill. 2004). However, Judge Kennelly's opinion is a minority one, and stands inapposite to several other cases within the Northern District of Illinois. See Jones v. County of Cook, 2002 U.S. Dist. LEXIS 13075 (N.D. Ill. July 17, 2002); Bowers v. Radiological Society of North America, Inc., 57 F. Supp. 2d 594, 599 (N.D. Ill. 1999); Speer v. Rand McNally & Co., 1996 U.S. Dist. LEXIS 17071 (N.D. Ill. Nov. 15, 1996), Finley v. Rodman & Renshaw, Inc., 1993 U.S. Dist. LEXIS 17308 (N.D. Ill. 1993). Since the Seventh Circuit has explicitly declined to address this question, see Murray v. Chicago Transit Authority, 252 F.3d 880, 890 (7th Cir. 2001), Court elects to side with the majority opinion within its District – including an opinion previously voiced by this Chambers – in declining to hold that rejecting sexual advances qualifies as protected activity for purposes of making a retaliation claim. Farfaras thus also fails to establish a prima facie case of retaliation.

The Court, therefore, grants Citizens Bank's Motion for Partial Summary Judgment on the claims of national origin discrimination and retaliation.

Farfaras does, however, assert a valid sex discrimination claim. Citizens Bank correctly notes that the entirety of Farfaras' sex discrimination charges concerns her allegations of sexual harassment. Nevertheless, within the Seventh Circuit, sexual harassment is considered a form of sex discrimination.

Smith v. Metropolitan Sch. Dist. Perry Twp., 128 F.3d 1014, 1023 (7th Cir. 1997). Citizens Bank properly acknowledges that Farfaras' sexual harassment allegations suffice to withstand summary judgment on her sexual harassment count. Likewise, these same allegations establish Farfaras' prima facie case of sex discrimination. Although Citizens Bank artfully purports that it had a non-discriminatory reason for terminating Farfaras, the weight and severity of Farfaras' allegations, combined with the alleged failure of Citizens Bank to articulate this reason at the time of Farfaras' termination, creates a triable issue of fact as to whether this reason is mere pretext. Accordingly, the Court denies Citizens Bank's Motion for Summary Judgment on the claim of sex discrimination.

### B. Michael Realty's Motion for Summary Judgment

Michael Realty bases its Motion for Summary Judgment upon two prongs. First, Michael Realty rejects that the "alter ego" theory of corporate liability applies to it at all, and contends that the individuals accused of tortious conduct could have just as equally been acting as the "alter egos" of Citizens Bank. Second, it argues that because it has fewer than fifteen employees, it does not qualify as an "employer" under Title VII for purposes of Farfaras' counts of sex discrimination, sexual harassment, national origin discrimination, and retaliation.

As to Michael Realty's first claim, Farfaras has presented a plethora of evidence linking Citizens Bank, Michael Realty, and the individuals accused. Among other things, Farfaras has demonstrated that Citizens Bank share common ownership, management, and centralized control of personnel. This common ownership and control by George and Robert Michael led to Farfaras' well-documented allegations of an unusual employment relationship. Specifically, although Farfaras was nominally employed only by Citizens Bank, she testified in deposition that George Michael (the Board Director and co-owner of Citizens Bank, as well as the President and co-owner of Michael Realty) regularly ordered her to work at the Michael Realty office on "Michael Realty-type stuff."

The Court notes that, by definition, an alter-ego strictly of Citizens Bank would not demand that Farfaras, a Citizens Bank employee, perform services for another company that did not benefit Citizens Bank, while being paid by Citizens Bank. Therefore, the only logical conclusion, drawing all inferences in favor of Farfaras as non-movant, is that at least George Michael served as the alter egos of both Citizens Bank and Michael Realty. Consequently, Michael Realty can be liable under the Illinois "alter ego" doctrine. Toothman v. Hardee's Food Systems, Inc., 203 Ill. App.3d 521, 530-531 (Ill. App. Ct. 1999)("[w]here the employer uses an alter ego/manager to conduct a particular portion of its business . . . and gives that manager complete authority over the

operation of that business but does not provide the manager with any instructions against committing intentional torts . . . then the employer has constructively authorized any and all of the actions of its manager and cannot shield itself from common law liability").

Similarly, for purposes of summary judgment, Michael Realty cannot take advantage of Title VII's exemption for small employers. The policy behind this exemption is "vitiated by the presence of an affiliated corporation." Papa v. Katy Indus., 166 F.3d 937, 940 (7th Cir. 1999). Here, although Citizens Bank is not a parent or affiliate of Michael Realty in the traditional manner, nevertheless, as noted above, the two companies have sufficiently common ownership and control to the extent of even allegedly sharing employees, that the policy rationale against permitting Michael Realty to hide behind the exemption remains intact, assuming Farfaras can prove her allegations.

However, because the Court finds Farfaras' claims of national origin discrimination and retaliation to be meritless, the Court extends its grant of summary judgment on those claims to cover Michael Realty as well.

### III. CONCLUSION

For the reasons stated herein, Citizens Bank's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the motion as to Farfaras' Counts VI (national origin

discrimination) and VII (retaliation) and extends the effect of its grant to cover Michael Realty as well. The Court **DENIES** Citizens Bank's motion as to Farfaras' Count IV (sex discrimination). Michael Realty's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

                                    _____
                                    Harry D. Leinenweber, Judge
                                    United States District Court

Dated: *August 24, 2004*