FILED
APR 1 5 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JENNIFER FARFARAS,

    Plaintiff,

v.

CITIZENS BANK & TRUST CO. OF CHICAGO, et al.,

    Defendants.

Case No. 01 C 8720

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff won a lawsuit against Defendants on sexual harassment, assault, battery, and IIED claims. Before the Court is Plaintiff's motion for $501,338.68 in attorney's fees and costs, and Defendants' objections. For the following reasons, Plaintiff's motion is granted, but reduced to $436,766.75.

### I. **LEGAL STANDARD**

Under Title VII, a court has the discretion to award the prevailing party reasonable attorney's fees as part of costs, 42 U.S.C. § 1988(b)(2000), and a prevailing plaintiff should generally recover attorney's fees. *See Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995). A reasonable fee award is assessed by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate" – the "lodestar" figure. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). "The Court must excluded from this calculation hours that were not 'reasonably

expended' on the litigation . . . [because] they are excessive, redundant, or otherwise unnecessary." See *Stark III v. PPM Am., Inc.*, No 01 C 1494, 2003 WL 21223268, at *1 (N.D. Ill. May 23, 2003). The Court first determines the amount of hours reasonable expended, and then examines whether the requested hourly rate is reasonable. See *id.*

## II. **DISCUSSION**

Plaintiff seeks $493,865 in attorney's fees for the services of her counsel, Mr. Edward Theobald ("Theobald"), and Theobald's clerk/paralegal, Mr. David Lavezzi ("Lavezzi"), and $7,473.68 in taxable and nontaxable costs. Defendants object and assert that a reasonable award would be $63,412.50 in attorney's fees and $5,921.75 in costs. Plaintiff argues that Defendants' objections are untimely. The Court, however, granted Defendants' motion to extend the relevant deadlines, and set a new briefing schedule in its February 23, 2005 Minute Order. Accordingly, the Court declines to find waiver. See *Mohr v. Chi. Sch. Reform Bd. of Trustees*, 194 F.Supp.2d 786, 787-88 (N.D. Ill. 2002)(finding no waiver). The Court now addresses the merits of Plaintiff's motion.

### A. **Attorney's Fees**

Defendants object to the number of hours expended as excessive, duplicative, or unnecessary, and Theobald's hourly rate as unreasonably high.

## 1. Number of Hours

Defendants raise numerous objections to Plaintiff's request for 1,563.50 billable hours. Except for the following objections that the Court will discuss, Defendants' remaining arguments are so without merit that they do not require a detailed discussion. Defendants object to 421.5 hours because the descriptions are "block billed" and do not state a time for each distinct legal task. Examples of such entries are "additional work on discovery disclosure" and "review our documents, prepare answers to defendant's interrogatories." Similarly, Defendants object to many time entries as vague and ambiguous, such as "prepare for trial" and "prepare for Mr. Meyer's deposition." The Court has reviewed Plaintiff's submissions and concludes that the billing statement is sufficiently detailed and unambiguous and includes the dates of work, description of work, total hours expended, and total cost for task. The Court further notes that Defendants utilized similar time entries in this matter.

Defendants object to Plaintiff's use of quarter-hour billing increments, but do not identify how much time should be reduced for such practices. Plaintiff responds that it used quarter-hour billing minimally and cites to cases suggesting that quarter-hour billing is acceptable. There is no evidence that the use of such practices resulted in higher fees for particular tasks in this case. In fact, on at least one occasion, Plaintiff's quarter-hour

billing resulted in a lower fee than Defendants' tenth-hour billing for the identical task.

Defendants also argue that the time spent preparing and reviewing certain documents was excessive. Defendants object to approximately 45 hours spent preparing the complaint, which is substantively identical to Plaintiff's EEOC discrimination charges. Theobald responds that he spent 32.25 hours investigating Defendants' written statements, researching, and preparing the complaint. Given the particular facts here and the similarity of the complaint and EEOC charges, the Court finds that the time spent on the complaint was excessive, and accordingly reduces Theobald's time by 10 hours.

Defendants contend that Theobald's 72 hours responding to their Rule 12(b)(6) motion was excessive. Theobald responds that he spent 69.5 hours in responding to the motion, and that it took Defendants 50 hours to draft the motion to dismiss and reply. After reviewing the Plaintiff's response brief to the motion to dismiss, a fifteen-page document with a lengthy recitation of facts, the Court concludes the time spent was clearly excessive, especially in light of Theobald's experience in employment discrimination cases. The Court reduces Theobald's time by 29.5 hours to a more reasonable (but generous) 40 hours of work.

Defendants argue that the amount of time expended by Theobald and Lavezzi on Defendants' summary judgment motion was excessive

and duplicative. Theobald responds that he spent 187.5 hours and Lavezzi spent 64 hours responding to the motion. Based upon Theobald's level of experience with these types of cases and a review of the Plaintiff's filings, the Court concludes that Theobald's hours are excessive and Lavezzi's hours are duplicative and excessive. Accordingly, the Court reduces Theobald's time by 37.5 hours and reduces Lavezzi's time by 32 hours.

The trial was originally set for May 2004, but was rescheduled for August 30, 2004. Defendants object to Plaintiff's request for 393.75 hours of Theobald's time and 66 hours of Lavezzi's time for trial preparation. Due to the change in trial date, Theobald submitted trial preparation time from February through March 2004 and again from July through August 2004. Defendants contend this is excessive and duplicative. However, adequate trial preparation is important and the Plaintiff had the burden of proof on her claims. Plaintiff was successful on four of the five claims asserted at trial. Further, Defendants expended roughly the same amount of time preparing for trial as did Plaintiff. *See Quinones v. City of Evanston*, No. 91 C 3291, 1995 WL 656690 at *5 (N.D. Ill. Nov. 6, 1995)(finding reasonable fees when both sides spent roughly the same time on the case). The Court concludes that the trial preparation time was reasonable.

Defendants also object to time spent in connection with the EEOC proceedings, but cite no authority to support their

contentions that such time was not part of case or duplicative. The Court agrees with Plaintiff's argument that the EEOC proceedings were related to the federal case and were reasonable.

Defendants object to 27 hours of time spent on clerical tasks. Plaintiff seeks 1 hour of Lavezzi's time at a lower $65 per hour rate (normally $75 per hour) for filing motions with the court clerk. Delivery of a motion to the clerk, while necessary, is a task that is "easily delegable to non-professional assistance." *Spegon v. The Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999). As such, Lavezzi's time is reduced by .5 hour at the $65 hourly rate.

Defendants also object to the 26 hours spent preparing the fee statement, with 13.5 hours of Theobald's time and 12.5 hours of Lavezzi's time. In considering the reasonableness of such requests the "relevant inquiry is whether the hours claimed to have been expended . . . bear a rational relation to the number of hours spent litigating the merits of the case." *Id.* at 554. The Court concludes that 26 hours is excessive for such task and does not bear a reasonable relation to the number of hours spent litigating. Accordingly, the Court reduces Theobald's hours by 3.5 hours, and reduces Lavezzi's hours by 2.5 hours.

For the foregoing reasons, Theobald's claimed time is reduced by 80.5 hours and Lavezzi's claimed time is reduced by 35 hours. The balance of the time sought is reasonable.

## 2. Hourly Rate

Mr. Theobald asserts that his hourly rate is $350, and that he has charged this rate since 2001. Defendants contend that Theobald's hourly rate is too high. It is undisputed that Theobald charged Plaintiff $325 an hour from the date she retained him on January 3, 2001 to the present date. An "attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). Similarly, in *Mohr*, Theobald represented a plaintiff in a race discrimination case and sought $350 per hour in fees, but charged the plaintiff $275 per hour. *See Mohr*, 194 F.Supp.2d at 786. The court held that Theobald was entitled to $275 per hour -- the amount he actually charged his client.

Here, the Court finds that the $325 hourly rate that Theobald charged Plaintiff -- and the rate she actually paid -- is the best evidence of the appropriate market rate. *See Stark III. v. PPM America, Inc.*, 354 F.3d 666, 675 (7th Cir. 2004)("[T]he best evidence of market value of legal services is what people will pay for it."). Theobald's supporting affidavits are insufficient to rebut such presumption. Thus, Theobald's compensation is set at $325 per hour. The Court also concludes that Lavezzi's standard hourly rate of $75 per hour is reasonable.

### 3. Resulting Attorney's Fees

In her motion, Plaintiff seeks 1,369.50 hours of Theobald's time at $350 per hour ($479,325.00); 193 hours of Lavezzi's time at $75 per hour ($14,475.00), and 1 hour of Lavezzi's time at $65 per hour ($65.00). The Court has concluded that Theobald reasonably expended 1,289 hours at the reasonable hourly rate of $325, for a total of $418,925.00. Lavezzi reasonably expended 158.5 hours at the reasonable hourly rate of $75 ($11,887.50), and .5 hours at the $65 rate ($32.50), for a total of $11,920.00. Thus, Plaintiff is entitled to attorney's fees in the amount of $430,845.00.

### B. Costs

Defendants only make one objection to the taxable and nontaxable costs submitted by Plaintiff -- the legal research costs, totaling $1,551.93 -- on the grounds that the descriptions are not well documented and unnecessarily vague. The disputed time descriptions merely read, "computer research during [particular month]" and there is no additional documentation for the above-claimed costs. District courts have discretion in determining to what extent prevailing parties may be awarded costs. *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Without more specific time entries or documentation, the Court cannot discern whether these research charges were necessary, related to the winning claims, or even related to this litigation. Accordingly, Plaintiff is not entitled to the research costs. *See*

*Bennett v. Smith*, No. 96 C 2422, 2002 WL 169323 at \*5 (N.D. Ill. Feb. 1, 2002). Plaintiff's total costs are therefore reduced by $1,551.93, and Plaintiff is entitled to $5,921.75 in costs.

### III. **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Attorney's Fees is granted, but reduced. Plaintiff is awarded a total of $436,766.75 in attorney's fees and costs.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: April 15, 2005